FACTOR, Respondent, vs. PEABODY TAILORING SYSTEM, Appellant.

*April 14—May 9, 1922.*

*Contracts: Subject matter: Meeting of minds: Recovery of money paid on void contract.*

A purported contract whereby the defendant agreed to deliver a tailor-made suit or overcoat to plaintiff after plaintiff had paid $50 in weekly instalments, but which did not specify the material or other description of the garment, is void, there being no meeting of the minds of the contracting parties, and payments made thereon by plaintiff can be recovered.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an action for money had and received begun in the civil court of Milwaukee county. The civil court dismissed the action, and the plaintiff appealed to the circuit

court.   The circuit court reversed the civil court, and ordered judgment in favor of the plaintiff.

The parties entered into the following purported contract:

"PEABODY TAILORING SYSTEM, INC.

"*Purchase Contract.*

"The *Peabody Tailoring System* hereby agrees to sell to the holder of this contract one tailor-made suit or overcoat to the amount of fifty dollars ($50) upon the payment of one dollar or more each week in advance, payable to its duly authorized collector or at its Milwaukee office, said suit or overcoat to be delivered upon completion of all payments above specified.

"In case the holder of this contract will lapse, violate or discontinue paying as herein required, that party shall forfeit all rights to the return of money paid in, or any part thereof, but the company agrees that it will at any time make and deliver to said party so discontinuing payments one of said garments or merchandise on the payment to said company of the difference between the amount paid by contract owner and fifty dollars ($50).

"The amount paid on this contract may be applied on a suit or overcoat or such merchandise as you may select for more than fifty dollars ($50) if so desired.

"Always bring this folder with you when making payments or purchases.

"Should you change your address, notify us at once.

"Two contracts cannot and will not be applied on one article unless each contract is fully paid.

"William Factor,
            "3524 Lisbon Street,
                        "Milwaukee, Wisconsin."

Other parties entered into similar contracts and assigned their cause of action to the respondent.   The respondent claims that this contract is void, and that he is entitled to recover the partial payments made by himself and his assignors, while the appellant claims that the respondent, having failed to pay in the full amount provided in the purported contract, has forfeited the amount of the payments.

For the appellant the cause was submitted on the brief of *Ray J. Cannon* of Milwaukee.

For the respondent there was a brief by *Gugel & Greenthal* of Milwaukee, and oral argument by *F. H. Gugel.*

CROWNHART, J.   The question is: Is the purported contract set out above a binding contract on the parties?

The appellant agrees to sell to the respondent "one tailor-made suit or overcoat to the amount of fifty dollars ($50) upon the payment of one dollar or more each week in advance," but in case respondent discontinues payment he forfeits all rights to the money paid in.   The essential thing in a contract is the meeting of the minds on all of the elements of the contract.   Here, even if we construe the word "amount" to mean "value," the only thing the appellant agrees to do is to furnish a tailor-made suit or overcoat to the respondent, of the value of $50.   What kind of a suit or overcoat, otherwise than being tailor-made, is not specified.   The color of the cloth or the material in it, the kind of linings, the style, whether to be made from measure or otherwise, are not stated, and no method is provided for determining these essentials.   The court will take notice that in the purchase of a tailor-made suit the purchaser selects the cloth from sample or from stock, selects the style, has his measurements taken in advance and the suit made from the measurements, and the time for delivery is specified.   In the purported contract a suit or overcoat is to be delivered upon completion of all payments, but manifestly, if it is the intent of such contract to make the suit to order, the respondent could not make his selection until the payments were all made, and hence the suit could not be delivered for some time afterwards.

It seems to be plain that the minds of the parties did not meet as to the particular subject of the contract, that is, as to the particular suit of clothes to be furnished, and no

method is found in the contract for determining this vital element.

We hold the purported contract to be void, and the judgment of the circuit court is affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.